```
 1  HARRINGTON, FOXX, DUBROW & CANTER, LLP
    HENRY A. WIRTA, JR., State Bar No. 110097
 2  655 Montgomery Street, Suite 1100
    San Francisco, California 94111
 3  Telephone (415) 288-6600
 4
    Attorneys for Defendants, BARNHILL MARINA
 5  BOATYARD, INC., BARNHILL CONSTRUCTION
    COMPANY and AUDLEY BARNIE BARNHILL
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   NORTHEN DISTRICT OF CALIFORNIA
10                       SAN FRANCISCO DIVISION
11
    RED SHIELD INSURANCE COMPANY    ) CASE NO. CV 08 2900 WHA
12                                  )
           Plaintiff,               ) NOTICE OF MOTION AND MOTION OF
13                                  ) DEFENDANTS BARNHILL MARINA
        v.                          ) BOATYARD, INC., BARNHILL
14                                  ) CONSTRUCTION COMPANY AND
    BARNHILL MARINA BOATYARD, INC., ) AUDLEY BARNIE BARNHILL TO
15  BARNHILL CONSTRUCTION COMPANY   ) DISMISS FOR FAILURE TO STATE A
    and AUDLEY BARNIE BARNHILL;     ) CLAIM UPON WHICH RELIEF CAN BE
16                                  ) GRANTED AND MOTION FOR A MORE
           Defendants.              ) DEFINITIVE STATEMENT
17                                  )
                                    ) [F.R.C.P. Rule 12(b)(6) and Rule 12(e)]
18                                  )
                                    ) Date: August 7, 2008
19                                  ) Time: 8:00 am
                                    ) Courtroom: The Honorable William H. Alsup
20
21
22  TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD:
23
24      PLEASE TAKE NOTICE that on August 7, 2008 at 8:00 a.m., or as soon thereafter
25  as counsel may be heard, in the courtroom of the Honorable Judge William H. Alsup,
26  located at the Federal Building 450 Golden Gate Avenue, San Francisco, California 94102,
27  defendants, BARNHILL MARINA BOATYARD, INC., BARNHILL CONSTRUCTION
28  COMPANY and AUDLEY BARNIE BARNHILL will move for dismissal of this action
```

Page 1
NOTICE OF AND MOTION TO DISMISS AND FOR MORE DEFINITIVE STATEMENT

1 for failure to state a claim upon which relief can be granted and move for a more definitive
2 statement.
3
4 Said Motion is made pursuant to Federal Rules of Civil Procedure, Rule
5 12(b)(6) and Rule 12(e).
6
7 Said Motion is based upon this Notice, the attached Memorandum of Points
8 And Authorities In Support thereof, the "Complaint In Admiralty Rule 9 (h), Fed.R.Civ.P,"
9 the Declaration of Henry A. Wirta, Jr. and Exhibits thereto and upon such further evidence
10 that may be presented at the hearing of this motion.
11
12
13 DATED: June 26, 2008            HARRINGTON, FOXX, DUBROW & CANTER, LLP
14
15
                                  By: _____
16                                     HENRY A. WIRTA, JR.
                                       Attorneys for Defendants, BARNHILL
17                                     MARINA BOATYARD, INC., BARNHILL
                                       CONSTRUCTION COMPANY and
18                                     AUDLEY BARNIE BARNHILL

HARRINGTON, FOXX, DUBROW & CANTER, LLP
655 MONTGOMERY STREET, SUITE 1100
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE (415) 288-6600

## MEMORANDUM OF POINTS AND AUTHORITES

### I. INTRODUCTION

The Complaint in this case, filed by an insurance company, does not allege any charging allegations against any of the Defendants and fails to attach the written Agreement on which plaintiff bases its Breach of Contract cause of action.

The Complaint names three separate defendants, BARNHILL MARINA BOATYARD, INC., BARNHILL CONSTRUCTION COMPANY and AUDLEY BARNIE BARNHILL and then alleges only that in April 2003 "Barnhill" and the plaintiff's insured (Schaff) entered into a Floating Home Lease Agreement concerning mooring of Schaff's houseboat and his tenancy therein at "Barnhill's marina located in Alameda, California. (Paragraph 8 of the Complaint.)

Then, the sole charging factual allegation (Paragraph 9 of the Complaint) states:

"In June 2005 an incident occurred whereby Schaff's houseboat went aground while moored at Barnhill's marina, became partially submerged and suffered water damage requiring extensive salvage and repairs."

Nowhere in the Complaint is the "incident" described, or what action or inaction of the defendants are alleged to have caused this "incident," or why any of the defendants, and each of them, are factually or legally responsible for the "incident."

1  In addition, the plaintiff has alleged a Breach of Contract Cause of Action against
2  all of the three defendants based on a written Agreement, but has failed to attach the
3  Agreement to the Complaint.

5  The Complaint fails to state a claim upon which relief can be granted against named
6  defendant BARNHILL MARINA BOATYARD, INC.

8  The Complaint fails to state a claim upon which relief can be granted against named
9  defendant BARNHILL CONSTRUCTION COMPANY.

11  The Complaint fails to state a claim upon which relief can be granted against named
12  defendant AUDLEY BARNIE BARNHILL.

14  All of these defendants, to the extent the Complaint is not dismissed for failure to
15  state a claim upon which relief can be granted against them, require a more definitive
16  statement as to the claim of liability against them by the insurance company plaintiff and
17  also require a true and correct copy of the Agreement sued upon to determine which
18  defendants, if any, are parties to such an Agreement.

## II. THE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED SHOULD BE SUSTAINED AND GRANTED AS TO ALL DEFENDANTS.

Federal Rules of Civil Procedure, Rule 12(b)6 states:

"Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

. . .

"(6) failure to state a claim upon which relief can be granted."

Rule 12(b)(6) motions test the sufficiency of a pleading (see, Smith v. Frye, 488 F.3d 263, 274 (4th Cir. 2007) and the motion compels an examination of whether the pleader did what it was obligated to do under federal pleading Rules, Rule 8 and Rule 9. (See, Hefferman v. Bass, 467 F.3d 596, 599-600 (7th Cir. 2006).)

Under Rule 12(b)(6), a claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because the claim fails to allege sufficient facts to support an otherwise cognizable legal claim. (See, SmileCare Dental Group v. Delta Dental Plan of Cal. Inc., 88 F.3d 780, 783 (9th Cir. 1996).)

Although liberal and encouraging of brevity, the federal pleading duty is far from trivial; to satisfy Rules 8 and 9, the pleading must contain "enough" to give the defendants fair notice of both the complaint's claims and the grounds for those claims. (See, Tellabs, Inc. v. Makor Issues & Rights, Ltd., ____ U.S.____, ____, 127 S.Ct. 2499, 2507, 168 L.Ed.2d 179 (June 2007).)

A pleader must show that the allegations "possess enough heft" to establish an entitlement to relief and thus to permit the costly process of litigation to continue. (See, Bell Atlantic Corp v. Twombly, 550 U.S. _____,_____, 127 S.Ct. 1955, 1966, 167 L.Ed. 2d 929 (2007).)

In the present action, not only has the plaintiff failed to allege what the "incident" is that is the basis for its complaint, but the plaintiff has failed to allege any facts as to the basis for each individually named defendant's liability for the "incident."

This Motion To Dismiss for Failure to State a claim upon which relief can be granted should be granted.

### III. THE MOTION FOR A MORE DEFINITIVE STATEMENT SHOULD BE SUSTAINED AND GRANTED AS TO ALL DEFENDANTS.

Federal Rules of Civil Procedure, Rule 12(e) states in pertinent part:

"A party may move for a more definitive statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired...."

In the present action, the defects complained of are:

1) The vagueness of the allegation of "incident" and how each individual defendant is factually and legally responsible for the occurance of the "incident."

2) The claim of Breach of Contract and the failure to attach a true and correct copy of the Agreement on which that cause of action is based.

The details desired is proper allegations of what the "incident" is and the facutal and legal basis of why each individual defendant, BARNHILL MARINA BOATYARD, INC. and BARNHILL CONSTRUCTION COMPANY and AUDLEY BARNIE BARNHILL, is responsible for the "incident."

## IV. THE PLAINTIFF HAS REFUSED TO AMEND ITS PLEADING AND THEREFORE DISMISSAL IS PROPER

As is fully set forth in the Declaration of Henry A. Wirta, Jr., the defendants properly requested the plaintiff to voluntarily amend its complaint to cure the Rule 12 defects stated in this Motion. The plaintiff ignored this request; thereby necessitating this motion.

Based upon this decision by the plaintiff and its conduct, the defendants request that the complaint be dismissed in its entirety as to all defendants and with prejudice.

## V. CONCLUSION

In the alternative to dismissal of this action with prejudice to all defendants, the defendants request that this Court grant its Rule 12(b)(6) motion and Rule 12(e) motion and order that the plaintiff amend its complaint to cure the defects as stated in these moving papers.

DATED: June 26, 2008          HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: _____
HENRY A. WIRTA, JR.
Attorneys for Defendants, BARNHILL MARINA BOATYARD, INC., BARNHILL CONSTRUCTION COMPANY and AUDLEY BARNIE BARNHILL

## DECLARATION OF HENRY A. WIRTA, JR.

I, Henry A. Wirta, Jr, declare as follows:

1. I am an attorney at law duly licensed to practice in California continuously since December 1983 and in the United States District Court Northen District of California. I am a partner in the law firm of Harrington Foxx Dubrow & Canter, LLP, attorneys for defendants, BARNHILL MARINA BOATYARD, INC., BARNHILL CONSTRUCTION COMPANY and AUDLEY BARNIE BARNHILL. I testify to the foregoing and the following of my personal knowledge.

2. Attached here as Exhibit "A" is a true and correct copy of the plaintiff's "Complaint In Admiralty Rule 9(h), Fed.R.Civ.P." and this complaint is the operative complaint in this matter.

3. Attached here as Exhibit "B" is a true and correct copy of the June 25, 2008 letter that I faxed to the attorney for the plaintiff in this case. This letter was my attempt to alleviate the necessity of this Rule 12 Motion by requesting the plaintiff to voluntarily file a First Amended Complaint to cure the specific defects in the Complaint.

4. I did not receive any response to my June 25, 2008 letter by the stated deadline in the letter of 2pm on June 26, 2008, so this Motion became necessary.

5. The responsive pleading of my client is due by July 3, 2008, so this motion is timely made.

6. I am going to be out of the country on a pre-paid vacation with my family from June 30, 2008 through July 16, 2008 and that was the basis for my deadline to the plaintiff's attorney to determine if the plaintiff would file a First Amended Complaint.

I declare under penalty of perjury that the forgoing is true and correct.

Executed this 26th day of June 2008 in San Francisco, California.

_____
Henry A. Wirta, Jr.

# EXHIBIT A

```
1  TIMOTHY R. LORD, SB# 213062
     E-Mail: lord@lbbslaw.com
2  JULIAN J. PARDINI, SB# 133878
     E-Mail: pardini@lbbslaw.com
3  VICKEY L. QUINN, SB# 253008
     E-Mail: quinn@lbbslaw.com
4  LEWIS BRISBOIS BISGAARD & SMITH LLP
   One Sansome Street, Suite 1400
5  San Francisco, California 94104
   Telephone:    (415) 362-2580
6  Facsimile:    (415) 434-0882

7  Attorneys for Plaintiff
   RED SHIELD INSURANCE COMPANY
8
```

E-filing

ORIGINAL FILED
08 JUN 10 PM 3:23
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RED SHIELD INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>   v.<br><br>BARNHILL MARINA BOATYARD, INC.;<br>BARNHILL CONSTRUCTION COMPANY;<br>and AUDLEY BARNIE BARNHILL;<br><br>   Defendants. | CASE NO. CV 08 2900 WHA<br><br>COMPLAINT<br><br>IN ADMIRALTY<br>RULE 9(h), FED. R. CIV. P. |

   **COMES NOW** plaintiff RED SHIELD INSURANCE COMPANY (hereinafter "Red Shield") and files its Complaint against defendants BARNHILL MARINA & BOATYARD, INC., BARNHILL CONSTRUCTION COMPANY and AUDLEY BARNIE BARNHILL (hereinafter collectively "Barnhill") and alleges upon information and belief as follows:

### JURISDICTION

   1.   This Complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure (hereinafter "Fed. R. Civ. P.").

   2.   This action for damages in excess of $75,000 invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and, alternatively, § 1332.

4849-4723-7890.1                          -1-
                                      COMPLAINT

## VENUE

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Rule 82, Fed R. Civ. P. and as further alleged below.

## GENERAL ALLEGATIONS

4.  Red Shield is a Washington corporation in the business of providing insurance for property including floating homes and houseboats. At all material times, Red Shield insured a floating home or houseboat owned by Robert Schaff who resided therein.

5.  Defendant Barnhill Marina & Boatyard, Inc. is and was, at all material times, an entity recognized under the laws of California that owns, operates, leases, manages, controls and maintains a facility utilized to moor floating homes and houseboats or otherwise acts as the representative of the owner, operator, lessor or manager of the mooring facility (hereinafter "marina") that is located within this district.

6.  Defendant Barnhill Construction Company is and was, at all material times, a California Corporation that owns, operates, leases, manages, controls and maintains a marina utilized to moor floating homes and houseboats or otherwise acts as the representative of the owner, operator, lessor or manager of the marina that is located within this district.

7.  Defendant Audley Barnie Barnhill is and was, at all material times, a California resident that owns, operates, leases, manages, controls and maintains a marina utilized to moor floating homes and houseboats or otherwise acts as the representative of the owner, operator, lessor or manager of the marina that is located within this district.

8.  In April 2003 Barnhill and Schaff entered into a Floating Home Lease Agreement (hereinafter "Agreement") concerning the mooring of Schaff's houseboat and his tenancy therein at Barnhill's marina located in Alameda, California.

9.  In June 2005 an incident occurred whereby Schaff's houseboat went aground while moored at Barnhill's marina, became partially submerged and suffered water damage requiring extensive salvage services and repairs.

///

4849-4723-7890.1

-2-

COMPLAINT

1  10. Pursuant to its obligation of insurance, Red Shield paid Schaff the sum of
2  $150,667.74 for salvage services and repairs and other costs and expenses incurred as a result of
3  the damages to the houseboat and is now subrogated to all of Schaff's rights, claims and causes of
4  action arising from the incident.

### FIRST CAUSE OF ACTION

### NEGLIGENCE

11. Red Shield repeats and re-allege each and every allegation contained herein above in paragraphs 1 through 10, both inclusive, as if set forth at length.

12. The grounding incident and resulting property damage to Schaff's houseboat was directly and proximately caused by the acts, omissions and fault of defendants.

13. Due to defendants negligence, plaintiff incurred the monetary damages described herein.

### SECOND CAUSE OF ACTION

### BREACH OF CONTRACT

14. Red Shield repeats and re-allege each and every allegation contained herein above in paragraphs 1 through 13, both inclusive, as if set forth at length.

15. The grounding incident and resulting damage to Schaff's houseboat was directly and proximately caused by defendants breached of the express and implied terms of the Agreement.

16. Schaff performed all conditions and requirements to be performed in accordance with the terms and conditions of the Agreement and was and is otherwise excused form such performance under the Agreement.

17. Due to defendants breach of contract, plaintiff incurred the monetary damages described herein.

### THIRD CAUSE OF ACTION

### BAILMENT

18. Red Shield repeats and re-allege each and every allegation contained herein above in paragraphs 1 through 17, both inclusive, as if set forth at length.

///

19. The grounding incident and resulting damage to Schaff's houseboat was directly and proximately caused by defendants failure to care, provide for and protect Schaff's houseboat while moored at the marina

20. Due to defendants breach of bailment duties, plaintiff incurred monetary damages described herein.

### FOURTH CAUSE OF ACTION

### STATUTORY VIOLATIONS AND NUISANCE

21. Red Shield repeats and re-allege each and every allegation contained herein above in paragraphs 1 through 20, both inclusive, as if set forth at length.

22. Defendants conduct was the direct and proximate cause of the grounding incident and resulting damage to Schaff's houseboat and in violation of governing statutory law concerning floating homes in California and therefore also constitutes a nuisance.

23. Due to defendants statutory and nuisance violations, plaintiff incurred the monetary damages described herein.

WHEREFORE, plaintiff requests that judgment be entered against defendants, and each of them jointly and severally as follows:

1. For damages in an amount not less than $150,667.74;

2. For other costs to be proven at trial including interest and attorneys' fees, and;

4. For any other relief that this Court deems just and proper.

Dated: June 10, 2008                     LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Timothy R. Lord
Attorneys for Plaintiff
RED SHIELD INSURANCE COMPANY

4849-4723-7890.1

-4-

COMPLAINT

# EXHIBIT B

LAW OFFICES
**HARRINGTON, FOXX, DUBROW & CANTER, LLP**

655 MONTGOMERY STREET, SUITE 1100
SAN FRANCISCO, CALIFORNIA 94111

TELEPHONE: (415) 288-6600
FACSIMILE: (415) 288-6618

EMAIL: hwirta@hfdclaw.com

DAVID H. CANTER
DALE B GOLDFARB
CRAIG F. SEARS
MARTIN C. KRISTAL
EDWARD R. LEONARD
MARK W. FLORY
HENRY A. WIRTA, JR.
JOHN C. DEWELL
KEVIN J. GRAY
EDWARD W. LUKAS, JR.
DANIEL E. KENNEY
ANN GHAZARIANS FLORY
KEVIN P. MCNAMARA
SUSAN A. WATSON
DAVID E. BOWER
MARK W. NORMAN
CAROL G. ARNOLD

MICHAEL C. DENLINGER
GREGORY J. SOWDER
SHELBY B. CRAWFORD
JOSEPH S. SEDLACEK
REBECCA T. AMIRPOUR
JAMES K. LO
CLAIRE C. WEGLARZ
KEVIN R. WARREN
ZAKIYA N. GLASS
RYAN K. SCHNEIDER
MICHAEL E. JENKINS
VANESSA K. HERZOG
JOSHUA R. DIAZ
JEFFREY A. MEINHARDT

ELI B. DUBROW
OF COUNSEL

LOS ANGELES OFFICE
1055 WEST SEVENTH STREET
29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE: (213) 489-3222
FACSIMILE: (213) 623-7929

ORANGE OFFICE
1100 TOWN & COUNTRY ROAD
SUITE 1020
ORANGE, CALIFORNIA 92868-4638
TELEPHONE: (714) 973-4595
FACSIMILE: (714) 973-7923

SAN DIEGO OFFICE
8530 LA MESA BLVD., SUITE 206
LA MESA, CALIFORNIA 91941
TELEPHONE: (619) 233-5553
FACSIMILE: (619) 233-0005

WEBSITE: www.hfdclaw.com

LOWELL L. DRYDEN
(1909-1967)
R. S. HARRINGTON
(1913-1983)
RICHARD A. FOXX
(1918-2005)

OUR FILE NO.:

June 25, 2008

VIA FAX ONLY: (415) 434-0882
Timothy Lord
LEWIS BRISBOIS BISGAARD & SMITH, LLP
One Sansome Street, Suite 1400
San Francisco, California 94104

Re: <u>Red Shield Insurance Co. V. Barnhill Marina Boatyard, Inc., et al</u>
    United States District Court, Northern District of California Case No: CV08 2900 WHA

Dear Mr. Lord:

This law firm has been retained to defend the Barnhill defendants in this action. The purpose of this letter is to discuss your "Complaint In Admiralty Rule 9 (h), Fed. R. Civ. P." in an effort to avoid my having to file a <u>Rule</u> 12(b)6 and <u>Rule</u> 12(e) motion in response thereto.

Your Complaint does not state a claim upon which relief can be granted due to the lack of factual allegations to support any of your stated causes of action. Paragraph 9 of the Complaint contains the only factual allegations pertaining to liability and that paragraph states:

> "9. In June 2005 an incident occurred whereby Schaff's houseboat went aground while moored at Barnhill's marina, became partially submerged and suffered water damage requiring extensive salvage services and repairs."

This allegation does not support any cause of action or basis of liability against my clients. For instance, there is no allegation as to what the defendants are alleged to have done to cause the "incident" referred to in this paragraph, what the incident was, and why the defendants are responsible for the incident.

LAW OFFICES
HARRINGTON, FOXX, DUBROW & CANTER, LLP

Timothy Lord
June 25, 2008
Page 2

In addition, your Complaint requires a more definitive statement as required by FRCP Rule 12(e) based on the above and also based on the fact that a true and correct copy of the "Floating Home Lease Agreement" referenced in paragraph 8 of your complaint and used to support your Breach of Contract Cause of Action was not attached to your Complaint.

I have been authorized to file a FRCP Rule 12(b)6 and Rule 12(e) Motion in response to your Complaint; however, I would prefer not to have to file that motion. To avoid that motion I need your agreement, in writing, that you will file and serve a First Amended Complaint and that no response is required to the Complaint and I need that agreement by no later than 2pm tomorrow, Thursday, June 26, 2008.

The reason for this short time limit is that I have to file my Motion on Friday, June 27, 2008.

I do not believe that a formal stipulation is required to allow the filing of your Amended Complaint, before my motion is filed, so long as I have your agreement to file the Amended Complaint in writing by June 26, 2008 and you file that Amended Complaint on or before July 3, 2008.

Please call me if you would like to discuss.

If I do not hear from you by 2pm on Thursday, June 26, 2008, then I will be forced to prepare and file my motion with the court.

Very truly yours,

HENRY A. WIRTA, JR.

HAW:bmu

# HARRINGTON, FOXX, DUBROW & CANTER, LLP

655 MONTGOMERY STREET, SUITE 1100
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 288-6600
FACSIMILE: (415) 288-6618

## FACSIMILE TRANSMISSION

| | | Phone Number | Fax Number |
|---|---|---|---|
| Date: | June 25, 2008 | | |
| To: | TIMOTHY LORD<br>LEWIS BRISBOIS<br>BISGAARD & SMITH,<br>LLP | | (415) 434-0882 |
| From: | Henry A. Wirta, Jr. | | |
| Pages: | 3 | | |
| Case/Client: | Red Shield Insurance Co., v. Barnhill Marina Boatyard, Inc., et al | | |
| File No.: | MCSI 3006 | | |

Message:

See attached letter.

**URGENT**

**URGENT**

### CONFIDENTIALITY NOTICE

PLEASE CALL THE ABOVE NUMBER IMMEDIATELY IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION. THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS LEGALLY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS TELECOPIED INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR RETURN OF ORIGINAL DOCUMENTS TO US.

152886618

\*\* Transmit Conf. Report \*\*

P.1  Jun 25 2008 11:10

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 14154340882 | NORMAL | 25,11:10 | 0'26" | 3 | # O K | |

## HARRINGTON, FOXX, DUBROW & CANTER, LLP

655 MONTGOMERY STREET, SUITE 1100
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 288-6600
FACSIMILE: (415) 288-6618

### FACSIMILE TRANSMISSION

Date: June 25, 2008

|  | Phone Number | Fax Number |
|---|---|---|
| To: TIMOTHY LORD<br>LEWIS BRISBOIS<br>BISGAARD & SMITH, LLP | | (415) 434-0882 |

From: Henry A. Wirta, Jr.

Pages: 3

Case/Client: Red Shield Insurance Co., v. Barnhill Marina Boatyard, Inc., et al.

File No.: MCSI 3006

Message:

See attached letter

URGENT

URGENT

### CONFIDENTIALITY NOTICE

PLEASE CALL THE ABOVE NUMBER IMMEDIATELY IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION. THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS LEGALLY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS TELECOPIED INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR RETURN OF ORIGINAL DOCUMENTS TO US.

PROOF OF SERVICE
*Red Shield v. Barnhill, et al./MCSI-3006-4*
U.S. District Court, Northern District, San Francisco Division

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 655 Montgomery Street, Suite 1100, San Francisco, California 94111.

On **June 30, 2008**, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION OF DEFENDANTS BARNHILL MARINA BOATYARD, INC., BARNHILL CONSTRUCTION COMPANY AND AUDLEY BARNIE BARNHILL TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MOTION FOR A MORE DEFINITIVE STATEMENT**

on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as stated below:

> Timothy R. Lord, Esq.
> Julian J. Pardini, Esq.
> Vickey L. Quinn, Esq.
> LEWIS BRISBOIS BISGAARD AND SMITH LLP
> One Sansome Street, Suite 1400
> San Francisco, CA 94104
> Tel.: (415) 362-2580
> FaxL (415) 434-0882
> *[Attorneys for Plaintiff]*

BY MAIL AS FOLLOWS:

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **June 30, 2008**, at San Francisco, California.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
BERLITA M. UMADHAY