TIMOTHY R. LORD, SB# 213062
   E-Mail: lord@lbbslaw.com
JULIAN J. PARDINI, SB# 133878
   E-Mail: pardini@lbbslaw.com
VICKEY L. QUINN, SB# 253008
   E-Mail: quinn@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Sansome Street, Suite 1400
San Francisco, California  94104
Telephone:     (415) 362-2580
Facsimile:     (415) 434-0882

Attorneys for Plaintiff
RED SHIELD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RED SHIELD INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>   v.<br><br>BARNHILL MARINA & BOATYARD, INC.;<br>BARNHILL CONSTRUCTION COMPANY;<br>and AUDLEY BARNIE BARNHILL;<br><br>         Defendants. | CASE NO.:  CV 08-2900 WHA<br><br>**RED SHIELD'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR A MORE DEFINITIVE STATEMENT**<br><br>Date:     August 7, 2008<br>Time:    8:00am<br>Dept:    Courtroom 9<br><br>[ORAL ARGUMENT REQUESTED]<br>By Vickey L. Quinn, Associate of the firm with less than four year's experience |

## I. INTRODUCTION

The Motion of defendants BARNHILL MARINA & BOATYARD, INC., BARNHILL CONSTRUCTION COMPANY and AUDLEY BARNIE BARNHILL (hereinafter collectively "Barnhill") should be denied , or in the alternative, plaintiff requests permission to amend its Complaint pursuant to Rule 15, Fed. R. Civ. P.

Defendants have fundamentally misconstrued the legal standards that apply to Motions.

///

## II. PROCEDURAL and FACTUAL BACKGROUND

On June 10, 2008, Red Shield filed its Complaint in Admiralty (Docket # 1) against Barnhill. On June 30, 2008, Barnhill filed the present Motion, in lieu of a responsive pleading.[1]

In its Complaint, Red Shield identified its insured as an owner of a houseboat moored at defendants' facility (see Complaint, paragraphs 4-7), and plead the following general allegations:

[General Allegations]

> 8. In April 2003 Barnhill and Schaff entered into a Floating Home Lease Agreement (hereinafter "Agreement") concerning the mooring of Schaff's houseboat and his tenancy therein at Barnhill's marina located in Alameda, California.
>
> 9. In June 2005 an incident occurred whereby Schaff's houseboat went aground while moored at Barnhill's marina, became partially submerged and suffered water damage requiring extensive salvage services and repairs. (Emphasis added)

Additionally, in its Complaint, for each cause of action, Red Shield incorporated the allegations above and asserted the following:

[Negligence]

> 12. The grounding incident and resulting property damage to Schaff's houseboat was directly and proximately caused by the acts, omissions and fault of defendants.
>
> 13. Due to defendants negligence, plaintiff incurred the monetary damages described herein.

. . .

---

[1] Defendants, in part IV and through the Declaration of Henry A. Wirta, Jr. allege that plaintiff's failure to voluntarily amend its Complaint based on a letter demand by defendants, is justification for asking for dismissal of plaintiff's claim. If defendant is referring to a meet and confer process, the allegation is inappropriate for two reasons. First, there is not meet and confer requirement prior to filing a motion to dismiss or a requirement that plaintiffs voluntarily amend their pleadings just because defendants ask them to. Second, even if a meet and confer process was required, defendant did not adhere to the local rules for meet and confer. Civil Local Rule 1-5(n) states that the "mere sending of a written, electronic, or voice-mail communication [see Declaration of Timothy R. Lord as to what happened here], however, does not satisfy a requirement to "meet and confer" or to "confer."" No telephone exchange took place between the parties, rather, defendants sent a letter demand and did not return plaintiff's phone call.

4824-4790-1442.1
-2-
RED SHIELD'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR A MORE DEFINITIVE STATEMENT

[Breach of Contract]

15. The grounding incident and resulting damage to Schaff's houseboat was directly and proximately caused by defendants breached of the express and implied terms of the Agreement.

16. Schaff performed all conditions and requirements to be performed in accordance with the terms and conditions of the Agreement and was and is otherwise excused from such performance under the Agreement.

17. Due to defendants breach of contract, plaintiff incurred the monetary damages described herein.

. . .

[Bailment]

19. The grounding incident and resulting damage to Schaff's houseboat was directly and proximately caused by defendants failure to care, provide for and protect Schaff's houseboat while moored at the marina.

20. Due to defendants breach of bailment duties, plaintiff incurred monetary damages described herein.

. . .

[Statutory Violations and Nuisance]

22. Defendants conduct was the direct and proximate cause of the grounding incident and resulting damage to Schaff's houseboat and in violation of governing statutory law concerning floating homes in California and therefore also constitutes a nuisance.

23. Due to defendants statutory and nuisance violations, plaintiff incurred the monetary damages described herein.

## III. ARGUMENT

A. <u>Defendants' Motion for a More Definitive Statement, Pursuant To Rule 12(e), Should Be Denied</u>

Rule 8(a), Fed. R. Civ. P., requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint is intended solely to notify the defendants of the existence and nature of the plaintiff's grievances. In this regard, "[u]nder the liberal federal pleading policies, a plaintiff need only give defendant fair notice of the claims against it."

*Colaprico v. Sun Microsystems, Inc.* (N.D. Cal. 1991), 758 F. Supp. 1335, 1337. A pleading does not even require a plaintiff to state a legal theory, merely give the defendant enough information to allow the latter to frame an answer and to begin discovery. *Dioguardi v. Durning*, 139 F.2d 774 (2d Cir. 1944).

Rule 12(e), Fed. R. Civ. P. states in pertinent part: "A party may move for a more definitive statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

The test for whether a motion for a more definite statement should be granted is whether plaintiff's complaint gives the defendant enough information from which to draft an answer and to commence discovery. See *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 513 (2002). Due to the "short and plain statement" requirement, motions for a more definite statement are rare and even more rarely granted.

Barnhill's Motion cites two alleged defects in plaintiff's complaint:

> (1) The vagueness of the allegation of "incident" and how each individual defendant is factually and legally responsible for the occura[e]nce of the incident.
>
> (2) The claim of Breach of Contract and the failure to attach a true and correct copy of the Agreement on which that cause of action is based. [*See* Memorandum at 6].

The two arguments wrongly construe the Federal Rules of Civil Procedure governing pleadings. As to the first argument, under Rule 8(a), parties need not plead all facts nor state legal theories in their pleadings, but need only plead sufficient detail to allow defendants to formulate an answer. Barnhill claims that the term "incident" is too vague to allow the formulation of an answer. However, plaintiff's Complaint gives the following detail about the incident. In June, 2005, while moored at Barnhill's marina, Schaff's houseboat went aground, became partially submerged and suffered water damage. Extensive salvage services and repairs were required. Plaintiff now brings suit based on negligence, breach of contract, bailment, and statutory violations and nuisance. This "incident" description meets the requirement of Rule 8(a) and it is therefore unrealistic for Barnhill to claim it cannot even formulate an answer to the allegations.

As to Barnhill's second argument, Rule 9(c) states that "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." The Federal Rules of Civil Procedure do not require the attachment of documents to a complaint and here, plaintiff met the requirement of Rule 9(c). Specifically, allegation number 16 in plaintiff's Complaint states that "Schaff performed all conditions and requirements to be performed in accordance with the terms and conditions of the Agreement and was and is otherwise excused from such performance under the Agreement."

"The courts may properly deny a motion for a more definite statement intended to pave the way for a motion to dismiss." *Leon v. Hotel & Club Employees Union Local 6*, 26 F.R.D. 158 (S.D.N.Y. 1960); *Harrington V. Yellin*, 158 F.Supp 456 (E.D. Pa. 1958). Here, plaintiff has met the pleading requirements and need not supply legal theories that Barnhill can use in a Motion to Dismiss.

Based on the above, Barnhill's Motion for a More Definitive Statement should be denied.

B.  <u>Defendant's Motion to Dismiss Should Be Denied</u>

Because federal pleadings rules are so liberal, Rule 12(b)(6) motions are "strongly disfavored" and rarely granted. *Gillian v. Jamaica Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Moreover, "[a] complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957) (*emphasis added*). Additionally, dismissal is an "extraordinary" remedy [*United States v. Redwood City*, 630 F.2d 963, 966 (9th Cir. 1981)], only proper "in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974). The *Dioguardi* court said "[T]here is no pleading requirement of stating facts sufficient to constitute a cause of action but only that there be a short and plain statement of the claim showing that the pleader is entitled to relief." 139 F.2d at 775.

Courts use a three-part standard in considering motions to dismiss: (1) the court must accept as true all of plaintiff's factual allegations in the complaint, (2) the court must construe the complaint in the light most favorable to the plaintiff and (3) the court must determine whether any

set of facts would entitle the plaintiff to relief. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

In its Motion, Barnhill alleges that "[I]n the present action, not only has the plaintiff failed to allege what the "incident" is that is the basis for its complaint, but the plaintiff has failed to allege any facts as to the basis for each individually named defendant's liability for the incident." (Motion at 5). Barnhill is now asking the Court to rule that plaintiff must do what the *Dioguardi* court so emphatically stated is not required; no requirement to plead facts sufficient to constitute a cause of action. At best, Barnhill's Motion to Dismiss is premature.

In its Complaint, plaintiff alleges facts sufficient to meet the standard described above: In June, 2005, while moored at Barnhill's marina, Schaff's houseboat went aground, became partially submerged and suffered water damage. Extensive salvage services and repairs were required. Plaintiff now brings suit based on negligence, breach of contract, bailment, and statutory violations and nuisance. These facts should be enough, under the federal rules, to allow defendants to formulate an answer.

For the above reasons, defendants' arguments fail and the Motion to Dismiss should be denied.

Alternatively, plaintiff should be given leave to amend its Complaint based on the liberal policy on the amendment of pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## IV. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court deny defendants' motion. In the event that the Court finds the motion to dismiss as to any cause of action is proper, plaintiff respectfully requests that the Court specify the grounds upon which the ruling is based and grant plaintiff leave to amend its complaint to cure any defects.

Dated: July 17, 2008          LEWIS BRISBOIS BISGAARD & SMITH LLP

                              By  /s/ Timothy R. Lord
                              Timothy R. Lord
                              Attorneys for Plaintiff
                              RED SHIELD INSURANCE COMPANY

# PROOF OF SERVICE
### Red Shield Insurance Company v. Barnhill Marina & Boatyard, Inc., et al.
### United States District Court, Northern District of California, Case # CV 08-2900 WHA

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104.

    On July 17, 2008, I served the following document described as:

**RED SHIELD'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR A MORE DEFINITIVE STATEMENT**

on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

| ATTORNEYS FOR DEFENDANTS | Telephone/Fax/Email: |
|---|---|
| Henry A. Wirta, Jr., Esq.<br>Harrington Foxx Dubrow & Canter LLP<br>655 Montgomery Street, Suite 1100<br>San Francisco, CA 94111 | Tel: (415) 288-6600<br>Fax: (415) 288-6618 |

[x] (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[ ] (BY MAIL, 1013a, 2015.5 C.C.P.)

    [ ] I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (BY OVERNIGHT DELIVERY/COURIER)

    [ ] I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

[x] (BY MESSENGER) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*.)

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

4820-4636-2882.1

PROOF OF SERVICE

Executed on July 17, 2008, at San Francisco, California.

_____
Amanda Hampton

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4820-4636-2882.1

PROOF OF SERVICE