IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED SHIELD INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BARNHILL MARINA & BOATYARD, INC., BARNHILL CONSTRUCTION COMPANY, and AUDLEY BARNIE BARNHILL,<br><br>Defendants. | No. C 08-02900 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS AND GRANTING MOTION FOR MORE DEFINITE STATEMENT** |

## INTRODUCTION

In this federal maritime action, plaintiff Red Shield Insurance Company sued defendants Barnhill Marina & Boatyard, Inc., Barnhill Construction Company, and Audley Barnie Barnhill (collectively "Barnhill") for damages incurred when an insured houseboat ran aground. In the complaint, Red Shield alleged negligence, breach of contract, breach of bailment duties, and nuisance. Barnhill now moves to dismiss for failure to state a claim upon which relief can be granted and for a more definite statement. For the reasons stated below, the motion to dismiss is **GRANTED** with leave to amend. The motion for a more definite statement is **GRANTED.**

## STATEMENT

The well-pled allegations in the complaint are accepted as true. Plaintiff Red Shield Insurance Company was incorporated in Washington and provides insurance for property, including floating homes and houseboats. Defendants Barnhill Marina & Boatyard, Inc.

(an entity recognized under California laws), Barnhill Construction Company (a California company), and Audley Barnie Barnhill (a California resident), own, operate, lease, manage, control, and maintain a mooring facility for floating homes and houseboats.

Red Shield insured a floating boat or houseboat owned by Robert Schaff. In April 2003, Mr. Schaff and Barnhill entered into a Floating Home Lease Agreement regarding the mooring of Schaff's houseboat and his tenancy at Barnnill's marina in Alameda, California. The complaint then alleged, "In June 2005, an incident occurred whereby Schaff's houseboat went aground while moored at Barnhill's marina, became partially submerged and suffered water damage requiring extensive salvage services and repairs" (Compl. ¶ 9). Red Shield then paid Mr. Schaff a total of $150,667.74 for salvage services, repairs, and other costs and expenses.

Red Shield filed suit on June 10, 2008. It alleged the following against Barnhill: (i) negligence; (ii) breach of contract; (iii) breach of bailment duties; and (iv) statutory violations and nuisance. Plaintiffs seeks $150,667.74 in damages and attorney's fees and costs.

**ANALYSIS**

**1.  MOTION TO DISMISS.**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995 ). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1255, 1264- 65 (2007). Both parties agree that California law applies.[1]

---

[1] Unless indicated otherwise, internal citations are omitted form all quoted authorities in this order.

2

This order holds that Red Shield has failed to state a claim upon which relief can be granted. All that is clear from the complaint is that defendants operated a mooring facility in Alameda, that Mr. Shaff and defendants entered into an agreement regarding the mooring of the boat, that Mr. Schaff's houseboat ran aground in June 2005, that the boat suffered extensive damages, and that Red Shield paid its insurance obligations. Red Shield then claims negligence, breach of contract, breach of bailment duties, and nuisance by Barnhill.

Plaintiff does not explain how defendants might be liable for any of these claims. For example, one of the elements of negligence is that there be a causal relationship between defendants' failure to perform their duty and the resultant injury to plaintiff. Red Shield has not provided the grounds for this claim. Nor has Red Shield explained how defendants breached the contract at issue or their bailment duties, violated statutory law, or caused a nuisance. Instead, the complaint only offers the following conclusory allegations for all four claims:

> Negligence: The grounding incident and resulting property damage to Schaff's houseboat was directly and proximately caused by the acts, omissions and fault of defendants. Due to defendants [sic] negligence, plaintiff incurred the monetary damages described herein" (Compl. ¶¶ 12–13).
>
> Breach of contract: "The grounding incident and resulting damage to Schaff's houseboat was directly and proximately caused by defendants breached [sic] of the express and implied terms of the Agreement. Schaff performed all conditions and requirements to be performed in accordance with the terms and conditions of the Agreement and was and is otherwise excused form [sic] such performance under the Agreement. Due to defendants [sic] breach of contract, plaintiff incurred the monetary damages described herein (*id.* at ¶¶ 15–17).
>
> Breach of bailment duties: "The grounding incident and resulting damage to Schaff's houseboat was directly and proximately caused by defendants [sic] failure to care, provide for and protect Schaff's houseboat while moored at the marina. Due to defendants [sic] breach of bailment duties, plaintiff incurred monetary damages described herein (*id.* at ¶¶ 19–20).
>
> Statutory violations and nuisance: "Defendants [sic] conduct was the direct and proximate cause of the grounding incident and resulting damage to Schaff's houseboat and in violation of governing statutory law concerning floating homes in California and therefore also constitutes a nuisance. Due to defendants [sic] statutory and nuisance violations, plaintiff incurred the monetary damages described herein" (*id.* at ¶¶ 22–23).

3

1  Plaintiff's claims must be dismissed for its failure to raise the right to relief above the
2  speculative level.

### 2. MOTION FOR A MORE DEFINITE STATEMENT.

Barnhill also moves for a more definite statement. Under FRCP 12(e ), "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." This rule must be read in light of FRCP 8(a), which requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Because of the limited pleading requirements of the Federal Rules, it has been noted that "[m]otions for a more definite statement are viewed with disfavor, and are rarely granted. '[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings.' Generally, the Court will require a more definite statement only when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" *Margarita Cellars v. Pac. Coast Packaging*, 189 F.R.D. 575, 578 (N.D. Cal. 1998) (Breyer, J.).

Barnhill points to the following defects in defense of its motion for a more definite statement: the vagueness of the complaint with respect to the "incident," and, although Red Shield claims breach of contract, it failed to attach a copy of the agreement in dispute. As this action involves breach of contract, defendants need to know what the contract is at issue. Plaintiff is therefore ordered to provide defendants with the Floating Home Lease Agreement. Moreover, the pleadings are so vague and ambiguous that defendants cannot properly respond. Plaintiffs must provide a more definite statement.

### 3. LEAVE TO AMEND.

Finally, defendants argue that plaintiff's claims should be dismissed with prejudice. They say that they asked Red Shield to amend its complaint to cure the aforementioned defects. Because Red Shield ignored this request, it should not be granted leave to amend.

This order disagrees with defendants. A Rule 16 scheduling order has not yet been entered, so Rule 15(a) governs the present motion. Leave to amend a complaint "shall be freely given when justice so requires" under Rule 15(a). This standard is applied liberally. "In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the instant action, there is no showing of any of the aforementioned reasons that would justify denying Red Shield leave to amend its complaint. Defendants say that they faxed a letter dated June 25, 2008, to plaintiff, requesting that plaintiff amend its complaint to cure certain defects. The June 25 letter gave Red Shield only one day (by 2 p.m. on June 26) to say that it would file and serve a first amended complaint by July 3. Red Shield never responded. In a sworn declaration, Red Shield's counsel stated that it did not view the letter until after the imposed deadline. Plaintiff's counsel then tried to follow up with a phone call and email, to which defense counsel never responded. Accordingly, this order finds that there was no apparent or declared reason to deny Red Shield the opportunity to amend its complaint.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED.** The motion for a more definite statement is **GRANTED**. Plaintiff is granted leave to amend. The complaint must be amended within **20 DAYS** of the filing of this order.

**IT IS SO ORDERED.**

Dated: August 7, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5