TIMOTHY R. LORD, SB# 213062
  E-Mail: lord@lbbslaw.com
JULIAN J. PARDINI, SB# 133878
  E-Mail: pardini@lbbslaw.com
VICKEY L. QUINN, SB# 253008
  E-Mail: quinn@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone:   (415) 362-2580
Facsimile:   (415) 434-0882

Attorneys for Plaintiff
RED SHIELD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RED SHIELD INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BARNHILL MARINA BOATYARD, INC.;<br>BARNHILL CONSTRUCTION COMPANY;<br>and AUDLEY BARNIE BARNHILL;<br><br>Defendants. | CASE NO. CV 08-2900 WHA<br><br>**FIRST AMENDED COMPLAINT**<br><br>**IN ADMIRALTY**<br>**RULE 9(h), FED. R. CIV. P.** |

**COMES NOW** plaintiff RED SHIELD INSURANCE COMPANY (hereinafter "Red Shield") and files its First Amended Complaint against defendants BARNHILL MARINA & BOATYARD, INC., BARNHILL CONSTRUCTION COMPANY and AUDLEY BARNIE BARNHILL (hereinafter collectively "Barnhill") and alleges upon information and belief as follows:

**JURISDICTION**

1.   This Complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure (hereinafter "Fed. R. Civ. P.").

2. This action for damages in excess of $75,000 invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and, alternatively, § 1332.

**VENUE**

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Rule 82, Fed R. Civ. P. and as further alleged below.

**GENERAL ALLEGATIONS**

4. Red Shield is a Washington corporation in the business of providing insurance for property including floating homes and houseboats. At all material times, Red Shield insured a floating home or houseboat owned by Robert Schaff who resided therein.

5. Defendant Barnhill Marina & Boatyard, Inc. is and was, at all material times, an entity recognized under the laws of California that owns, operates, leases, manages, controls and maintains a facility utilized to moor floating homes and houseboats or otherwise acts as the representative of the owner, operator, lessor or manager of the mooring facility (hereinafter "marina") that is located within this district.

6. Defendant Barnhill Construction Company is and was, at all material times, a California Corporation that owns, operates, leases, manages, controls and maintains a marina utilized to moor floating homes and houseboats or otherwise acts as the representative of the owner, operator, lessor or manager of the marina that is located within this district.

7. Defendant Audley Barnie Barnhill is and was, at all material times, a California resident that owns, operates, leases, manages, controls and maintains a marina utilized to moor floating homes and houseboats or otherwise acts as the representative of the owner, operator, lessor or manager of the marina that is located within this district.

8. In April 2003, Barnhill and Schaff entered into a Floating Home Lease Agreement (hereinafter "Agreement") concerning the mooring of Schaff's floating home and his tenancy therein at Barnhill's marina located in Alameda, California.

9. In June 2005, Barnhill caused Schaff's floating home to run aground while moored at Barnhill's marina, become partially submerged and suffer water damage requiring extensive salvage services and repairs.

10. Pursuant to its obligation of insurance, Red Shield paid Schaff the sum of $150,667.74 for salvage services and repairs and other costs and expenses incurred as a result of the damages to the houseboat and is now subrogated to all of Schaff's rights, claims and causes of action arising from the incident.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

11. Red Shield repeats and re-alleges each and every allegation contained herein above in paragraphs 1 through 10, both inclusive, as if set forth at length.

12. Barnhill failed to exercise due diligence and reasonable care by maintaining the leased berth in an unsafe and dangerous condition.

13. Barnhill failed to exercise due diligence and reasonable care by not warning or notifying Schaff of the unsafe and dangerous condition caused by, including but not limited to, mud and silt, or other obstruction, resulting in a dangerous and unsafe condition.

14. Barnhill failed to exercise due diligence and reasonable care by not removing the unsafe and dangerous condition caused by, including but not limited to, mud and silt, or other obstruction, resulting in a dangerous and unsafe condition.

15. The grounding and resulting property damage to Schaff's floating home was directly and proximately caused by these acts, omissions and fault of Barnhill.

16. Due to Barnhills' negligence, plaintiff incurred the monetary damages described herein.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT

17. Red Shield repeats and re-alleges each and every allegation contained herein above in paragraphs 1 through 16, both inclusive, as if set forth at length.

18. On April 16, 2003, Schaff and Barnhill entered into the Agreement.

19. The grounding and resulting damage to Schaff's floating home was directly and proximately caused by Barnhills' breach of the express and implied terms of the Agreement.

4821-2626-2530.1                    -3-
FIRST AMENDED COMPLAINT

20. Schaff performed all conditions and requirements to be performed in accordance with the terms and conditions of the Agreement and was and is otherwise excused from such performance under the Agreement.

21. Due to Barnhills' breach of the terms of the Agreement, by failing to maintain the berth in a safe condition; by failing to exercise due diligence and reasonable care by not warning or notifying Schaff of the unsafe and dangerous condition caused by, including but not limited to, mud and silt, or other obstruction, resulting in a dangerous and unsafe condition; and by failing to remove the obstruction or dangerous condition, plaintiff incurred the monetary damages described herein.

### THIRD CAUSE OF ACTION

### BAILMENT

22. Red Shield repeats and re-alleges each and every allegation contained herein above in paragraphs 1 through 21, both inclusive, as if set forth at length.

23. Barnhill caused the grounding and resulting damage to Schaff's floating home by failing to care, provide for and protect Schaff's floating home while moored at the marina by its failure to warn or notify, remove obstructions, and failure to maintain the berth in a safe manner.

24. Due to defendants breach of bailment duties, plaintiff incurred monetary damages described herein.

### FOURTH CAUSE OF ACTION

### STATUTORY VIOLATIONS AND NUISANCE

25. Red Shield repeats and re-alleges each and every allegation contained herein above in paragraphs 1 through 24, both inclusive, as if set forth at length.

26. Barnhills' failure to provide and maintain Schaff's leased berth in good working order and condition by its failure to warn or notify, remove obstructions, and failure to maintain the berth in a safe manner, resulted in the grounding of the floating home and subsequent damages.

27. Barnhills' conduct, in failing to provide a safe berth, was the direct and proximate cause of the grounding and resulting damage to Schaff's floating home in violation of governing statutory law concerning floating homes in California and therefore also constitutes a nuisance.

27. Defendants' conduct was the direct and proximate cause of the grounding and resulting damage to Schaff's floating home in violation of governing statutory law concerning floating homes in California (California Floating Home Residency Law) and therefore also constitutes a nuisance.

28. Due to defendants' statutory and nuisance violations, plaintiff incurred the monetary damages described herein.

**WHEREFORE**, plaintiff requests that judgment be entered against defendants, and each of them jointly and severally as follows:

1. For damages in an amount not less than $150,667.74;
2. For other costs to be proven at trial including interest and attorneys' fees, and;
4. For any other relief that this Court deems just and proper.

Dated: August 27, 2008              LEWIS BRISBOIS BISGAARD & SMITH LLP

                                    By _____
                                    Timothy R. Lord
                                    Vickey L. Quinn
                                    Julian J. Pardini
                                    Attorneys for Plaintiff
                                    RED SHIELD INSURANCE COMPANY

## PROOF OF SERVICE
File No. 28208-4
*Red Shield Insurance Company v. Barnhill Marina & Boatyard, Inc., et al.*
United States District Court, Northern District of California, Case # CV 08-2900 WHA

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104.

    On August 27, 2008, I served the following document described as:

**FIRST AMENDED COMPLAINT**

on all interested parties in this action by placing [ | a true copy   [ ] the original thereof enclosed in sealed envelopes addressed as follows:

| ATTORNEYS FOR DEFENDANTS | Telephone/Fax/Email: |
|---|---|
| Henry A. Wirta, Jr., Esq.<br>Harrington Foxx Dubrow & Canter LLP<br>655 Montgomery Street, Suite 1100<br>San Francisco, CA 94111<br>Email: Email: hwirta@hfdclaw.com | Tel:   (415) 288-6600<br>Fax:  (415) 288-6618 |

[X]    **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

[ ]    (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[ ]    (BY MAIL, 1013a, 2015.5 C.C.P.)

    [ ]    I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (BY OVERNIGHT DELIVERY/COURIER)

    [ ]    I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

[ ]    (BY MESSENGER) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a messenger for personal service. (A proof of service executed by the messenger will be filed in compliance with the *Code of Civil Procedure*.)

4853-2428-8514.1

PROOF OF SERVICE

1

2  [X]     **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

3

4     Executed on August 27, 2008, at San Francisco, California.

5

6                                          *Nicole S. Block*
                                           Nicole S. Block

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4853-2428-8514.1

PROOF OF SERVICE