HARRINGTON, FOXX, DUBROW & CANTER, LLP
HENRY A. WIRTA, JR., State Bar No. 110097
655 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone (415) 288-6600

Attorneys for Defendants, BARNHILL MARINA BOATYARD, INC., BARNHILL CONSTRUCTION COMPANY and AUDLEY BARNIE BARNHILL

**UNITED STATES DISTRICT COURT**

**NORTHEN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RED SHIELD INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>BARNHILL MARINA BOATYARD, INC., BARNHILL CONSTRUCTION COMPANY and AUDLEY BARNIE BARNHILL;<br><br>Defendants. | ) CASE NO. CV 08 2900 WHA<br>)<br>) **ANSWER OF DEFENDANTS BARNHILL MARINA BOATYARD, INC., BARNHILL CONSTRUCTION COMPANY AND AUDLEY BARNIE BARNHILL TO FIRST AMENDED COMPLAINT**<br>)<br>) **IN ADMIRALTY**<br>) **RULE 9(h), FED.R.CIV.P.**<br>) |

COMES NOW Defendants, **BARNHILL MARINA BOATYARD, INC., BARNHILL CONSTRUCTION COMPANY AND AUDLEY BARNIE BARNHILL,** and each of them to answer the FIRST AMENDED COMPLAINT by alleging and pleading as follows:

1. As to the allegations in paragraph number 1, defendants admit these allegations.

2. As to the allegations in paragraph number 2, defendants admit the jurisdictional allegation of 28 U.S.C. section 1333, but deny the jurisdictional allegation of 28 U.S.C. section 1332.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
655 MONTGOMERY STREET, SUITE 1100
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE (415) 288-6600

HARRINGTON, FOXX, DUBROW & CANTER, LLP
655 MONTGOMERY STREET, SUITE 1100
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE (415) 288-6600

3. As to the allegations in paragraph number 3, defendants admit these allegations.

4. As to the allegations in paragraph number 4, defendants lack sufficient information to either admit or deny the allegations and therefore defendants deny these allegations.

5. As to the allegations in paragraph number 5, defendant, BARNHILL MARINA & BOATYARD, INC., denies all of the allegations therein.

6. As to the allegations in paragraph number 6, defendant, BARNHILL CONSTRUCTION COMPANY, denies all of the allegations therein.

7. As to the allegations in paragraph number 7, defendant, AUDLEY BARNIE BARNHILL, denies all of the allegations therein.

8. As to the allegations in paragraph number 8, defendant, BARNHILL CONSTRUCTION COMPANY, admits the allegations therein; however, defendants BARNHILL MARINA & BOATYARD, INC. and defendant, AUDLEY BARNIE BARNHILL, deny all of the allegations therein.

9. As to the allegations in paragraph number 9, defendants deny all of the allegations therein.

10. As to the allegations in paragraph number 10, defendants lack sufficient information to admit or deny the allegations and therefore defendants deny all of the allegations therein.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
655 MONTGOMERY STREET, SUITE 1100
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE (415) 288-6600

11. As to the allegations in paragraph number 11, defendants restate all prior admissions and denials, and otherwise, contained in paragraphs 1 through 10, inclusive.

12. As to the allegations in paragraph number 12, defendants deny all of the allegations therein.

13. As to the allegations in paragraph number 13, defendants deny all of the allegations therein.

14. As to the allegations in paragraph number 14, defendants deny all of the allegations therein.

15. As to the allegations in paragraph number 15, defendants deny all of the allegations therein.

16. As to the allegations in paragraph number 16, defendants deny all of the allegations therein.

17. As to the allegations in paragraph number 17, defendants restate all prior admissions and denials, and otherwise, contained in paragraphs 1 through 16, inclusive.

18. As to the allegations in paragraph number 18, defendant, BARNHILL CONSTRUCTION COMPANY, admits the allegations therein; however, defendants BARNHILL MARINA & BOATYARD, INC. and defendant, AUDLEY BARNIE BARNHILL, deny all of the allegations therein.

19. As to the allegations in paragraph number 19, defendants deny all of the allegations therein.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
655 MONTGOMERY STREET, SUITE 1100
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE (415) 288-6600

20. As to the allegations in paragraph number 20, defendants deny all of the allegations therein.

21. As to the allegations in paragraph number 21, defendants deny all of the allegations therein.

22. As to the allegations in paragraph number 22, defendants restate all prior admissions and denials, and otherwise, contained in paragraphs 1 through 21, inclusive.

23. As to the allegations in paragraph number 23, defendants deny all of the allegations therein.

24. As to the allegations in paragraph number 24, defendants deny all of the allegations therein.

25. As to the allegations in paragraph number 25, defendants restate all prior admissions and denials, and otherwise, contained in paragraphs 1 through 24, inclusive.

26. As to the allegations in paragraph number 26, defendants deny all of the allegations therein.

27. As to the allegations in paragraph number 27, defendants deny all of the allegations therein.

28. As to the allegations in paragraph number 28, defendants deny all of the allegations therein.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
655 MONTGOMERY STREET, SUITE 1100
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE (415) 288-6600

29. As to the allegations in paragraph number 29, defendants deny all of the allegations therein.

**FIRST AFFIRMATIVE DEFENSE**

30. Each and every cause of action contained in the FIRST AMENDED COMPLAINT fails to state a cause of action against the defendants and each of them.

**SECOND AFFIRMATIVE DEFENSE**

31. That the damages caused to the plaintiff, if any, which these defendants vehemently deny, was caused by the acts and omission to act of plaintiff's subrogee, Schaff, and therefore plaintiff's damages are barred, and otherwise not recoverable against these defendants and each of them.

**THIRD AFFIRMATIVE DEFENSE**

32 That the negligence or other fault, if any, of these answering defendants, which these answering defendants vehemently deny, was not a substantial factor in bringing about the alleged damages incurred by the plaintiff herein and, therefore, was not a contributing cause thereof, but was superseded by the acts or omissions of others which were independent, intervening, supervening, and proximate causes of any damage incurred by plaintiff herein.

**FOURTH AFFIRMATIVE DEFENSE**

33. If plaintiff suffered or sustained any damage as alleged in the First Amended Complaint, which these answering defendants vehemently deny, such damage was proximately caused and contributed to by persons and entities other than these answering defendants. The liability of all responsible parties, named or unnamed, must be apportioned according to their relative degrees of fault and the liability of these answering defendants must be determined accordingly.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
655 MONTGOMERY STREET, SUITE 1100
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE (415) 288-6600

**FIFTH AFFIRMATIVE DEFENSE**

34 That at all times mentioned in the First Amended Complaint, the plaintiff's conduct and actions and the conduct, actions and inactions of Schaff were so careless, reckless and negligent as to cause and contribute in some degree to the alleged incident and to the damages, if any, alleged to have been sustained by said plaintiff and therefore said negligence and other fault completely bars any recovery, or in the alternative, reduces the right of recovery by that amount which said negligence and other fault contributed to this incident pursuant to the doctrine of comparative negligence.

**SIXTH AFFIRMATIVE DEFENSE**

35. That plaintiff is barred from any recovery herein as to these answering defendants, in that any damages proven to have been sustained by the plaintiff herein would be as a result of the direct and proximate result of the independent negligence and unlawful conduct of independent third parties, or their agents, or employees and not any act or omission on the part of these answering defendants, or their agents or employees.

**SEVENTH AFFIRMATIVE DEFENSE**

36. That if plaintiff sustained any injuries or damages as a result of the incident complained of herein, which these answering defendants vehemently deny, then plaintiff proximately caused, aggravated and failed to take proper action to reduce and/or mitigate said damages.

**EIGHTH AFFIRMATIVE DEFENSE**

37. That Plaintiff's First Amended Complaint, in its entirety and as to all causes of action and allegations contained therein, is barred by the applicable Statute Of Limitations.

**NINTH AFFIRMATIVE DEFENSE**

38. That Plaintiff's First Amended Complaint, in its entirety and as to all causes of action and allegations contained therein, is barred by doctrine of laches.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
655 MONTGOMERY STREET, SUITE 1100
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE (415) 288-6600

**TENTH AFFIRMATIVE DEFENSE**

39. That Plaintiff's First Amended Complaint, in its entirety and as to all causes of action and allegations contained therein, is barred by the doctrine of unclean hands.

**ELEVENTH AFFIRMATION DEFENSE**

40. That any action or inaction of these answering defendants was not a cause of any damage incurred by the plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

41. That the damages claimed by the plaintiff in the FIRST AMENDED COMPLAINT are excessive and therefore not recoverable against these answering defendants in that the money paid by the plaintiff to its subrogee, Schaff, were in part for material and services not caused by the incident of April 16, 2003.

WHEREFORE, these answering defendants pray for judgment as follows:

1.That plaintiff take nothing by reason of this First Amended Complaint;

2.That these answering defendants be dismissed together with costs of suit incurred; and

3.For such other and further relief as the Court deems just and proper.

DATED: September 4, 2008

HARRINGTON, FOXX, DUBROW & CANTER, LLP

By: /S/ Henry A. Wirta, Jr.
HENRY A. WIRTA, JR.
Attorneys for Defendants, BARNHILL MARINA BOATYARD, INC., BARNHILL CONSTRUCTION COMPANY and AUDLEY BARNIE BARNHILL

HARRINGTON, FOXX, DUBROW & CANTER, LLP
655 MONTGOMERY STREET, SUITE 1100
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE (415) 288-6600

PROOF OF SERVICE
***Red Shield v. Barnhill, et al.*/MCSI-3006-4**
**U.S. District Court, Northern District, San Francisco Division**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 655 Montgomery Street, Suite 1100, San Francisco, California 94111.

On **September 4, 2008**, I served the foregoing document described as:

**ANSWER OF DEFENDANTS BARNHILL MARINA BOATYARD, INC., BARNHILL CONSTRUCTION COMPANY AND AUDLEY BARNIE BARNHILL TO FIRST AMENDED COMPLAINT**

on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as stated below:

Timothy R. Lord, Esq.
Julian J. Pardini, Esq.
Vickey L. Quinn, Esq.
LEWIS BRISBOIS BISGAARD AND SMITH LLP
One Sansome Street,Suite 1400
San Francisco, CA 94104
Tel.: (415) 362-2580
Fax: (415) 434-0882
*[Attorneys for Plaintiff]*

BY MAIL AS FOLLOWS:

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **September 4, 2008**, at San Francisco, California.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct

/S/Kelly Gary
Kelly Gary